(No. 2466—)

STANLEY F. RUSSELL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1935.*
*Rehearing granted May 14, 1935.*

STANLEY F. RUSSELL, claimant, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

This is apparently the second most serious claim presented by those who survived the military bus-fire that occurred about four miles northwest of Pana, Illinois, on July 26, 1933. Further reference to the details thereof are here omitted because they are fully set forth in other cases involved in the same accident, among which is that of *Marlow Case* vs. *State,* No. 2469, and *Gladys Hulbert, Admx.* vs. *State,* No. 2421.

The record herein discloses that claimant Stanley Russell was a private in the Howitzer Co. 130 Inf. I. N. G. and on the 26th day of July, A. D. 1933, was a passenger with his comrades in the motor bus in question; that after the fire a military board considered his case. Their report and the evidence presented herein disclose that claimant suffered extensive second and third degree burns to his right thigh, left thigh from knee to hip, left arm, preventing the flexing of the fingers of the left hand, and wrist; shoulder burns and deep scars on the face with severe burns of the eyelids. The medical board estimated the permanent partial disability of fifty-five per cent (55%). Dr. H. M. Swift of Mt. Vernon, Illinois estimates the permanent disability to the left arm at seventy-five per cent (75%) and to the right hand at twenty-five per cent, (25%); also about twenty-five per cent (25%) disability to the left shoulder. Claimant's eyes are affected with a nervous paralysis and he is unable to fully close the lids. The medical testimony is that such disability will increase with time. Claimant also has suffered about twenty

per cent (20%) disability of the left leg because of burns on the thigh.

Claimant has received payments through the Adjutant General's office and the Military Department from July 25, 1933, to February 22, 1934, in the sum of Four Hundred Thirty Dollars ($430.00); also an emergency allowance during said time of One Hundred Eighty Dollars ($180.00). In addition thereto, this court has authorized further payments, under the provisions of the Military Code, which to this date, if they have been made, will amount to approximately Seven Hundred Ninety Dollars ($790.00). Plaintiff's complaint recites that the further sum of One Thousand Two Hundred Fifty-eight and 40/100 Dollars, ($1,258.40) has been paid or assumed by the State of Illinois for medical, nursing and hospital fees. A further award is asked by claimant under the provisions of the Military and Naval Code, because of the injuries suffered by him.

Claimant is twenty-nine years of age; is married and resides with his wife and two children, one seven years of age and the other eight years of age. He had been a member of the Militia Company for three years prior to the accident. Prior to that time he had conducted a five-acre truck farm for a living and has been unable to do so since that time because of his physical condition. He is unable to close the left hand and testifies that he has no grip in the right hand. Prior to his truck farming he worked for four years as an attendant at the Illinois State Hospital at Dixon, Illinois.

This case, as was stated in the Opinion of the Marlow Case claim, appeals most strongly to the sympathy of the court. In the absence of any better rules to guide us in determining a proper and just award to be made under the authority granted in Section II, Article XVI of the Military and Naval Code of Illinois, the provisions of the Workmen's Compensation Act afford the most liberal guide for our determination. In making our award we do not take into account the considerable sum of One Thousand Two Hundred Fifty-eight and 40/100 Dollars ($1,258.40) paid by the State for medical and hospital attention, or the advancement made through the Adjutant General's office of approximately One Thousand Four Hundred Dollars, ($1,400.00).

Claimant's compensation if figured under Section 7 of the Workmen's Compensation Act would amount to Two Thou-

sand Five Hundred Dollars ($2,500.00), with an increase to Three Thousand One Hundred Dollars ($3,100.00) because of two children under the age of sixteen years. The percentage of permanent disability indicated by the Medical Board, i. e., fifty-five per cent (55%) of the total death benefit, would indicate a loss of One Thousand Seven Hundred Fifteen Dollars ($1,715.00).

Because of the serious and permanent disability disclosed by the evidence and under the authority of the Military Code, an award is herein made in the sum of Five Thousand Five Hundred Dollars, ($5,500.00); and it is further ordered that payments heretofore authorized to be made through the Adjutant General's office shall cease upon the issuance of a State warrant in payment of said award.

. SUPPLEMENT ORDER ON REHEARING.

MR. JUSTICE YANTIS delivered the opinion of the court:

This matter again coming before the court upon the application of claimant by E. G. Johnston, Capt. of the Mt. Vernon Howitzer Co., 130th Ill. Inf. for the allowance of further hospitalization to relieve claimant of partial effects from the injuries complained of, and the court being further advised in the premises and it appearing that said claimant, Stanley F. Russell, is still in need of medical or surgical treatment, which it is represented will relieve him to some extent from the injuries and disfigurements, under which he now suffers, and that it has been recommended by a Military Medical Board which examined claimant that he be sent to Dr. Blair at St. Louis, Missouri, for plastic surgery.

IT IS THEREFORE HEREBY ORDERED that this cause remain upon the docket of this court for the further allowance of such sums, if any, as may be properly allowable for surgical services and hospitalization rendered claimant hereafter in obtaining further relief from the effects of said accidental injuries.

IT IS FURTHER ORDERED, that the award heretofore made in favor of Stanley F. Russell in the sum of Fifty-five Hundred Dollars ($5500.00) *shall be paid to the Adjutant General* of the State of Illinois *for the use of said Stanley F. Russell and his family;* and the warrant shall issue accordingly; said award to be disbursed by the Adjutant General as fol-

lows: One Thousand Dollars ($1,000.00) to be paid to said Stanley F. Russell upon receipt of the warrant by the Adjutant General; the balance remaining, i. e., Four Thousand Five Hundred Dollars ($4,500.00) shall be paid by the Adjutant General to said Stanley F. Russell as follows, to-wit: At the rate of One Hundred Dollars ($100.00) per month until the further order of this court.

The court hereby retains jurisdiction of this cause for the purpose of making such other and further orders herein as the facts may hereinafter justify.